# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

EUGENE GUTIERREZ,

      Plaintiff,

vs.                                                                                No. CIV 19-0464 JB/KBM

BRIANA HERNANDEZ and
FNU LEEVY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's failure to pay the initial partial filing fee in connection with his Complaint for Violation of Civil Rights, filed May 20, 2019 (Doc. 1)("Complaint"). Plaintiff Eugene Gutierrez is incarcerated and proceeding pro se. Having reviewed the applicable law and Gutierrez' explanation for not wanting to make the payment, the Court will dismiss the case without prejudice to refiling.

## PROCEDURAL BACKGROUND

Gutierrez filed his Complaint on May 20, 2019. See Complaint for Violation of Civil Rights (Doc. 1)("Complaint"). He seeks money damages from two Clovis, New Mexico, police officers, Officers Briana Hernandez and FNU Leevy. See Complaint ¶ B, at 2. He alleges the officers follow him around Clovis "for no reason," filed "false charges against [him]," and directed a strip search upon arrest. Complaint ¶¶ IV.D, VI, at 5, 6, 9. On June 6, 2019, the Court referred the matter to the Honorable Karen B. Molzen, United States Magistrate Judge for the United States District Court for the District of New Mexico, for recommended findings and disposition, and to enter non-dispositive orders. See Order Referring Case, filed June 6, 2019 (Doc. 4).

Gutierrez initially filed the Complaint without prepaying the filing fee or filing a motion

to proceed in forma pauperis, as 28 U.S.C. § 1915(a) requires. Magistrate Judge Molzen directed Gutierrez to cure this defect by June 21, 2019. See Order to Cure Deficiency, filed May 22, 2019 (Doc. 2)("First Cure Order"). Specifically, the First Cure Order directed Gutierrez to "either prepay the $400 filing fee or, alternatively, file a motion to proceed in forma pauperis along with a certified account statement for the period between November 20, 2018 and May 20, 2019." First Cure Order at 1. The operative statute, 28 U.S.C. § 1915(b)(1), requires a certified inmate account statement showing six months of finances. The Court's Clerk Office also mailed Gutierrez a blank copy of the form motion to proceed in forma pauperis, which contains additional instructions on the six-month account statement. See First Cure Order at 1.

Gutierrez has not complied with the First Cure Order. He filed a Motion for Leave to Proceed In Forma Pauperis, but he did not include a six-month account statement. See Motion for Leave to Proceed In Forma Pauperis, filed June 3, 2019 (Doc. 3)("In Forma Pauperis Motion"). The Court therefore entered a Second Order to Cure Deficiency, filed July 10, 2019 (Doc. 5)("Second Cure Order"). The Second Cure Order gave Gutierrez another thirty days to "submit a certified account statement for the period between November 20, 2018 and May 20, 2019." See Second Cure Order at 1. Gutierrez submitted the inmate account statement on July 25, 2019. See Account Transaction History, filed July 25, 2019 (Doc. 6). In an Order entered January 14, 2020, Magistrate Judge Molzen determined Plaintiff could not afford to prepay the $400.00 filing fee and granted leave to proceed in forma pauperis. See Order Granting In Forma Pauperis Application, filed January 14, 2020 (Doc. 7)("In Forma Pauperis Order"). Pursuant to 28 U.S.C. § 1915(b)(2), Magistrate Judge Molzen also assessed an initial partial payment of $7.46 and set a deadline of February 14, 2020, to submit that amount. In Forma Pauperis Order at 1-2.

The In Forma Pauperis Order warned: "If Plaintiff fails to timely make the initial partial payment, his complaint may be dismissed without further notice."  In Forma Pauperis Order at 2.

Gutierrez did not make the initial partial payment.  Instead, he submitted the Letter asking the Court to waive the initial partial payment because he makes $16.47 a month and does not receive help from family.  See Letter at 1, filed February 6, 2020 (Doc. 8).  The Letter does not explain the cash deposits reflected on his inmate account statement from Christine Madero and Joann Casaus, who gave Gutierrez $150.00 between March and July of 2019.  See Account Transaction History at 1.

## **LAW REGARDING RULE 41 DISMISSALS**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted).  As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation."  Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  Davis v.

Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d at 1162. Those criteria include: "'(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; (5) and the efficacy of lesser sanctions.'" Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d at 1162 (quoting Olsen v. Mapes, 333 F.3d at 1204 (10th Cir. 2003)).

## ANALYSIS

As noted above, Gutierrez repeatedly failed to follow Court orders and refused to make the $7.46 initial partial payment. The record suggests that he has the money; he makes at least $16.47 a month, and he has received periodic deposits of $50.00 from two women. See Letter at 1; Account Transaction History at 1. It appears, however, that Gutierrez does not wish to spend a substantial part of his monthly income on this litigation. The Tenth Circuit has addressed this issue in Cosby v. Meadors, 351 F.3d 1324, 1327 (10th Cir. 2003). Cosby v. Meadors explains that the in forma pauperis statute is designed "to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing

fees." 351 F.3d at 1327 (quotations omitted). Said differently, prisoners must "bear some marginal cost for each legal activity." Cosby v. Meadors, 351 F.3d at 1327 (quotations omitted). "When a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments." Cosby v. Meadors, 351 F.3d at 1327. The Tenth Circuit therefore concludes that, where "a court order requires partial payments," rule 41 "allow[s] a district court to dismiss the action for failure to comply with the order." Cosby v. Meadors, 351 F.3d at 1327.

In light of the ruling in Cosby v. Meadors, and Gutierrez' failure to pay the initial partial filing fee, the Court will dismiss this case without prejudice pursuant to rule 41(b). See Olsen v. Mapes, 333 F.3d at 1204. The Court notes that, in this case, the only practical sanction stemming from dismissal is that Gutierrez will have to fill out a new complaint and an in forma pauperis application. The claims arose in January, 2018, and August, 2018, see Complaint ¶ IV.A at 4, and they will not be time-barred if filed anew. The three-year personal injury statute of limitations in N.M. Stat. Ann. § 37-1-8 governs § 1983 violations occurring in New Mexico. See Varnell v. Dora Consol. Sch. Dist., 756 F.3d 1208, 1212 (10th Cir. 2014); McCarty v. Gilchrist, 646 F.3d 1281, 1289 (10th Cir. 2011)(stating that the statute of limitations under § 1983 "is dictated by the personal injury statute of limitations in the state in which the claim arose"). Moreover, because this dismissal is not on the merits, this Memorandum Opinion and Order will not count as a strike under the three-strikes rule governing civil prisoner complaints. See 28 U.S.C. § 1915(g) (prisoners generally cannot proceed in forma pauperis if three prior prison-complaints were dismissed as frivolous, malicious, or for failure to state a claim).

**IT IS ORDERED** that: (i) the Plaintiff's Complaint for Violation of Civil Rights, filed

May 20, 2019 (Doc. 1), is dismissed without prejudice; (ii) the Court will enter a separate Final Judgment disposing of this civil case; and (iii) the Clerk's Office shall mail the Plaintiff a form § 1983 complaint and a form in forma pauperis motion should he wish to refile the case.

                                                                         _____
UNITED STATES DISTRICT JUDGE

*Parties:*

Eugene Gutierrez, # 86268
Hagerman, New Mexico

    *Plaintiff pro se*